IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NICOLE L. HART MURCHISON                                                    PLAINTIFF

v.                                    CIVIL NO.: 11-2047

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

**I.    Procedural Background:**

Plaintiff, Nicole Hart Murchison, appealed the Commissioner's denial of benefits to this court. On February 2, 2012, an Order was entered remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 16. On May 2, 2012, Plaintiff filed a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. ECF Nos. 17, 18. The Defendant filed a Response to said motion on May 16, 2012. ECF. No. 19.

Plaintiff seeks an award of $4,369.50 in attorney's fees under the EAJA, for 23.00 attorney hours performed in 2011 and 2012 at a rate of $174.00 per hour and 4.90 paralegal hours at an hourly rate of $75.00. ECF No. 18-2. The Defendant filed a response, objecting to a number of the hours requested. ECF No. 19.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6. Pursuant to this authority, the Court held a hearing on June 28, 2012. Counsel for both parties was present and presented argument.

## II. Applicable Law:

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991)(quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. See *Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

3

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index

### III.    Discussion:

In the present action, Plaintiff's case was remanded by this Court pursuant to sentence four of 42 U.S.C. 405(g). ECF No. 15, 16. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. ECF No. 19. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

#### A.    Hourly Rate for Services Performed:

Plaintiff requests a total award of $4,369.50 under the EAJA. Specifically, she requests these fees be paid at an hourly rate of $174.00 for all attorney work performed in 2011 and 2012. This hourly rate is authorized by the EAJA because counsel has submitted proof supporting his

4

request for a higher fee, and this rate does not exceed the CPI for either of the years in question. Therefore, this Court finds that Plaintiff is entitled to an hourly rate of $174.00 for all attorney work performed in this case.

Plaintiff's counsel has also requested compensation for paralegal hours at the rate of $75.00 per hour. The undersigned finds this to be a reasonable rate for the services of a trained paralegal. *See Richlin Security Service Company v. Chertoff,* 128 S.Ct. 2007 (U.S. 2008). Accordingly, we find that the EAJA authorizes the reimbursement of paralegal services at the rate of $75.00 per hour.

### B. Attorney Hours:

Defendant objects to Plaintiff's request for compensation for 1.00 attorney hours for an attorney client conference regarding the Appeals Council's denial of Plaintiff's request for review, a discussion of the Plaintiff's right to seek judicial review, an evaluation of the merits of Plaintiff's case, an explanation of the appellate procedures and filing fees, and an evaluation of Plaintiff's possible status as a pauper. The Defendant contends that these tasks were purely administrative in nature, as they occurred prior to the filing of the complaint, and are therefore not compensable under the EAJA. *See Pray v. Astrue*, 2011 WL 6937603, *2 (W. D. Ark. December 2, 2011) (finding certain tasks to be administrative in nature).

Plaintiff's counsel argued that this conference was not administrative in nature, as the issues discussed and decisions made dealt more with the filing of an appeal in district court than the proceedings that had occurred at the administrative level. Only a small portion of the time was devoted to a discussion of the Appeals Council's denial of review. Counsel indicated that

this was really his only occasion to advise his client regarding the merits of her case on appeal and to explain the appellate procedures to her.

We do understand the Defendant's argument that at least a portion of this time was devoted to a discussion of the Appeals Councils' denial of review, which is an administrative task. However, the Court is unable to determine with any degree of certainty the amount of time devoted to that issue as opposed to the issues regarding Plaintiff's appeal to the District Court. Accordingly, the undersigned is of the opinion that 1.00 attorney hours is a reasonable amount of time for counsel to discuss with his client the merits of their appeal, explain to them the appellate procedures, and discuss their financial information to determine whether or not Plaintiff would be a candidate for *IFP* status. As such, we will award counsel the full time requested for this conference.

Defendant also contends that the 18.50 attorney hours Plaintiff requests in compensation for reviewing the transcript and preparing Plaintiff's appeal brief is excessive. In reviewing the administrative transcript, the Court notes that it is comprised of approximately 800 pages, 650 of which are medical records. The undersigned has also reviewed the appeal briefs submitted in this case, and notes that this Court agreed with at least two of the arguments propounded by Plaintiff's counsel.

In Court, Plaintiff's counsel made argument concerning the procedures he utilizes for documenting the time spent in each case. The Court finds that his records are kept contemporaneously, as is required by statute, and that this time is accurately reflected in his time itemization. Therefore, based upon the facts and evidence presented in this case, it is the

AO72A
(Rev. 8/82)

opinion of this Court that the 18.50 attorney hours requested for reviewing the transcript and preparing Plaintiff's appeal brief is reasonable.

### C. Clerical Tasks:

Defendant also objects to a total of 1.00 paralegal hours, arguing that the tasks performed were clerical in nature and did not require the expertise of a paralegal. We are governed by *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987), which held that work which could have been completed by support staff is not compensable under the EAJA. This case asserts that it is the task, rather than the title of the individual performing the task, that determines whether or not the task is clerical.

After reviewing counsel's itemization of time and hearing argument in open court, the undersigned finds that the following tasks are purely clerical in nature and not compensable under EAJA: Paralegal delivery and filing of complaint and other documentation (.50 hours) and the ECF filing of the appeal brief (.10 hours). Clearly, manually filing or filing a document, any document, on the ECF system does not require the specialized services of a paralegal. And, although we understand counsel's preference to have these tasks performed by his paralegal, this does not change the nature of the task the paralegal is performing.

Counsel will be awarded .40 paralegal hours for the paralegal's preparation and finalization of the appeal brief, as we do find this to be a task requiring the skill and expertise of a paralegal. However, we will deduct a total of .60 paralegal hours from the total EAJA award for the paralegal's performance of purely clerical tasks.

    D.    **Payment of EAJA fees:**

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff. And, in keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

    E.    **Award Recommendation:**

Based on the above, we award Plaintiff attorney fees under the EAJA for: 23.00 attorney hours performed in 2011 and 2012 at a rate of $174.00 per hour and 4.30 (4.90-.60) paralegal hours at an hourly rate of $75.00, for a total award of $4,324.50 in attorney's fees. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are further reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

**IV.**    **Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$4,324.50** pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this <u>28th</u> day of June 2012.

                                                    /s/ *J. Marschewski*
                                                    HON. JAMES R. MARSCHEWSKI
                                                    CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)